UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN JOSEPH SORIA,<br><br>　　　　Defendant. | CR. NO. 2:08-169 WBS<br><br>ORDER |

----oo0oo----

Defendant Steven Joseph Soria moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (See Docket Nos. 128, 143.) For the reasons explained below, defendant does not qualify for a sentence reduction and the court must deny his motion.

On April 2, 2010, defendant pleaded guilty to Counts One and Three of the Indictment pursuant to a written plea agreement. (Docket Nos. 89, 91.) Count One charged defendant with conspiracy to distribute and possess with intent to

1

distribute at least 50 grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 846 and 841(a)(1), and Count Three charged him with distributing at least 50 grams of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1). (Presentence Report ("PSR") ¶ 1.)  Section 841 imposed a mandatory minimum sentence of ten years, or 120 months, on each count.  21 U.S.C. § 841(b)(1)(A)(viii) (effective Aug. 3, 2010).

At defendant's sentencing hearing on May 13, 2011, the court adopted the PSR's recommendations and found that defendant's total offense level was 31 and his criminal history category was I.  (Sentencing Hr'g Tr. at 5-6 (Docket No. 138).) Although this normally resulted in a guideline range of 108 to 135 months, the court found the guideline range to be 120 to 135 months because the statutory minimum sentence on each count was 120 months' imprisonment.  (See id.; PSR ¶¶ 36, 58, 77.)  The court sentenced defendant to the statutory minimum of 120 months' imprisonment on each of Counts One and Three, to be served concurrently.  (Sentencing Hr'g Tr. at 9; Docket No. 124.)[1]

Defendant moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.").  That amendment retroactively modifies the Drug Quantity Table in the Guidelines Manual, U.S.S.G. § 2D1.1, and reduces by two points the base offense

---

[1] A mandatory minimum sentence may be "waived" and a lower sentence imposed only if the safety valve of 18 U.S.C. § 3553(e) or (f) applies.  See U.S.S.G. § 2D1.1 cmt. n.7 (2010); id. §§ 5K1.1 (Substantial Assistance to Authorities), 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases).  Defendant, however, did not qualify for such relief here.

level for most federal drug offenses. See U.S.S.G. supp. to app. C, amend. 782 at 64-74 (2014).

Section 3582(c)(2) provides that when a defendant is sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To grant a motion under 18 U.S.C. § 3582(c)(2), the court must determine that a reduction is consistent with the policy statement in § 1B1.10. Dillon v. United States, 560 U.S. 817, 826-27 (2010). Section 1B1.10 provides that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)" if an amendment "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A) (2010).[2]

Defendant's sentence here was based on the statutory mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Paulk, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (per curiam) ("[Defendant] is not entitled to a reduction because his sentence was not 'based on a

---

[2] "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a) (2015). The Guidelines Manual in effect on May 13, 2011 was the 2010 Guidelines Manual and its November 1, 2010 Supplement.

sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841.").

"It is axiomatic that a statutory minimum sentence is mandatory" and that "[a] retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term." United States v. Sykes, 658 F.3d 1140, 1146 (9th Cir. 2011); see also United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996) (holding that "the mandatory minimum was not affected by the change in the [drug] equivalency tables" and, thus, "the district court had no authority to reduce [the defendant's] sentence under § 3582(c)(2)"). Accordingly, because defendant does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), the court must deny his motion.

IT IS THEREFORE ORDERED that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 128), be, and the same hereby is, DENIED.

Dated:  May 11, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4