UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN JOSEPH SORIA,<br><br>　　　　Defendant. | CR. NO. 2:08-169 WBS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

----oo0oo----

After completion of approximately 36 months of the 60 months of supervised release imposed by the court, defendant Steven Soria now moves for early termination. (Docket No. 150.) Although the Probation Officer does not oppose the request (Docket No. 152), the United States Attorney has filed an opposition. (Docket No. 154.)

The court may terminate a term of supervised release after the expiration of one year "if it is satisfied that such

1

action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making such determination, the court must consider all of the sentencing factors set forth in 18 U.S.C. § 3553(a), with the exception of subsections (2)(a) and (3).

The government points out that courts have generally considered early termination of supervised release as a rare occurrence, usually preceded by new or unforeseen circumstances. See United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000). However, as the government acknowledges, new or unforeseen circumstances are not a prerequisite of granting early termination. See United States v. Ponce, 22 F.4th 1045, 1047 (9th Cir. 2020) (citations omitted).

Defendant points out that he has obtained his commercial trucking driver's license and argues that he is now a "changed person" with strong support from his wife and children. The government acknowledges that these are appropriate factors to consider and "could support this Court exercising its discretion to terminate Soria's supervised release term early", but argues that on balance "the serious nature of Soria's crimes" and the need to protect the public militate against a finding that early termination is in the interest of justice. (Docket 154, at page 4, lines 15-19.) The court disagrees with the government's conclusion.

First, the court notes that "the seriousness of the offense" and the "need to promote respect for the law" are two of the § 3553(a) sentencing factors expressly excluded from consideration under § 3583(e). Second, defendant has

1  specifically shown that since he has been on supervised release
2  he has earned his Commercial Driver's License and obtained the
3  credentials enabling him to qualify as a transportation worker.
4  He regularly attends and participates in the ministries of his
5  church, and has volunteered for several years with a program
6  supplying food, clothing and appliances to those in need.  He has
7  the support of his family and has also become the full-time
8  caregiver for his 87-year old mother.  Third, the court gives
9  substantial weight to the recommendation of the Probation Officer
10 in this matter, who has had the benefit of working with defendant
11 over the term of supervision and is in the best position to judge
12 whether further supervision would serve any productive purpose.
13             The government suggests that the Probation Officer's
14 failure to object to defendant's request may have been motivated
15 by the Judicial Conference's recent revisions to the Guide to
16 Judiciary Policy, Vol. 8E, Ch 3 § 360.20.  That is not how the
17 court reads the Probation Officer's response.  In fact, the
18 subsection of the Guide to which the government refers applies
19 only to termination within the first 18 months of supervision.
20             The court agrees that the provisions of the Guide to
21 Judiciary Policy do not override the requirement of § 3583(e)(1)
22 to consider the relevant factors in § 3553(a) in ruling upon a
23 request for early termination of supervised release.  The court
24 also agrees that in light of the recent flood of early
25 termination requests the court must remain mindful of its
26 statutory obligations.  Here, considering all of the relevant
27 factors, the court concludes that defendant has made a sufficient
28 showing that early termination is warranted by his conduct and

that the interests of justice will be satisfied by early termination of his supervised release at this time.

        IT IS THEREFORE ORDERED that defendant's request for early termination of his supervised release (Docket No. 150) be, and the same hereby is, GRANTED.

Dated:  June 7, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE